UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ALAN D. ERICKSON and MONICA
ERICKSON,

        Plaintiffs,                        Case No. 2:15-CV-95

v.

                                                HON. GORDON J. QUIST

UNITED STATES OF AMERICA,

        Defendant.
_____/

**OPINION**[1]

      Plaintiffs, Alan and Monica Erickson, filed a complaint against Defendant, the United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiffs allege that several pharmacists employed by the Department of Veterans Affairs negligently recommended that Alan Erickson discontinue use of an anticoagulant drug and that Mr. Erickson suffered a stroke as a result. The Government argues that the affidavit of merit filed with Plaintiffs' complaint does not satisfy the standards set forth in Michigan law, and that Plaintiffs' complaint should be dismissed or Plaintiffs should be required to file a new affidavit of merit. The Government further argues that Plaintiffs' ordinary negligence claim should be dismissed because it sounds in medical negligence. For the reasons that follow, the Court will grant the Government's motion. The Court will dismiss Plaintiffs' ordinary negligence claim and allow Plaintiffs to file a new affidavit of merit.

*Background*[1]

      In 2008, Alan Erickson underwent surgery to replace his aortic valve. Following that surgery, Mr. Erickson was prescribed Warfarin, an anticoagulant drug, and was monitored by the Anticoagulation Clinic at the Veterans Administration Medical Center in Iron Mountain, Michigan.

---

[1] The allegations in Plaintiffs' complaint are taken as true for purposes of this motion.

In 2013 and 2014, Mr. Erickson received care from three pharmacists whose actions are at issue in this case: Alex Barker, Kristin Higgins, and Benjamin Van Guilder. In January 2014, based upon actions and recommendations from the pharmacists at the Anticoagulation Clinic, Mr. Erickson discontinued use of Warfarin. The pharmacists incorrectly believed that Mr. Erickson had a bioprosthetic valve when in fact Mr. Erickson actually had a mechanical valve. On June 21, 2014, Mr. Erickson suffered a stroke.

*Discussion*

**1.    Medical Malpractice Claim**

Michigan law requires a plaintiff in a medical malpractice action to "file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness," and sets forth a number of requirements for that affidavit. M.C.L. § 600.2912d. The Government argues that the affidavit of merit attached to Plaintiffs' complaint does not meet the requirements of Michigan law. Plaintiffs respond that the affidavit of merit requirement does not apply to cases filed in federal court, and that even if it did apply, the affidavit they filed satisfies the statute's requirements.

    A.    <u>Applicability of the Affidavit of Merit Requirement</u>

Plaintiffs argue in a footnote that Michigan's affidavit of merit requirement does not apply to cases in federal court because it conflicts with the Federal Rules of Civil Procedure. Plaintiffs' argument is based on Rule 8, which requires only a "a short and plain statement of the claim," and Rule 9, which specifies certain claims that are subject to heightened pleading standards. *See* Fed. R. Civ. P. 8, 9. Plaintiffs argue that because those rules do not contain a requirement for an affidavit of merit, they conflict with Michigan law, and that the federal rules control. This argument has been rejected by other judges in this district. *See Jones v. Corr. Med. Servs., Inc.*, 845 F. Supp. 2d

824, 855-58 (W.D. Mich. 2012); *Lee v. Putz*, No. 1:03-CV-267, 2006 WL 1791304, at *3-6 (W.D. Mich. June 27, 2006). Moreover, several courts outside this circuit have rejected similar arguments when presented with state laws like the Michigan statute at issue. *See e.g. Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000) (concluding that a New Jersey statute requiring an affidavit of merit did not conflict with Rule 8 or Rule 9); *see also Jones*, 845 F. Supp. 2d at 854 n. 11 (listing cases).

The Court agrees with the conclusions reached by the other judges in this district. *See id.*; *Lee*, 2006 WL 1791304, at *6. The requirement that a plaintiff file an affidavit of merit with his complaint has no effect on the content of the complaint itself, and thus is not governed by Rules 8 and 9. As Judge Maloney explained, the affidavit of merit requirement is "not simply a heightened pleading standard under another name; it is an entirely different procedure that only happens to take place contemporaneously with the pleadings." *Jones*, 845 F. Supp. 2d 824, 856. Moreover, although Plaintiffs have not discussed the *Erie* analysis, the Court concludes that, for the reasons previously articulated by other judges in this district, the affidavit of merit requirement properly applies in a federal diversity action. *See id.* at 857-58; *Lee*, 2006 WL 1791304, at *5-6. Accordingly, Michigan's affidavit of merit requirement applies to this action.

B. Qualification of Expert

Michigan law requires an affidavit of merit signed by "a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [M.C.L.] section 2169." M.C.L. § 600.2912d(1). M.C.L. § 2169 sets forth different standards for experts in medical malpractice actions depending on whether the professional whose conduct is at issue was a specialist or not. If the professional whose conduct is at issue was not a specialist, the expert need only practice or teach in the same health profession. M.C.L. § 2169(b). If the professional whose

3

conduct is at issue was a specialist, however, the expert must have specialized in the same area and must have practiced or taught in that specialty. M.C.L. § 2169(a)-(b).

Plaintiffs' affidavit of merit was authored by Richard B. Dew, III, a licensed pharmacist who practices in Massachusetts. The Government argues that Mr. Dew is not qualified to submit an affidavit of merit in this case because, unlike the pharmacists whose conduct is at issue, Mr. Dew is not a doctor of pharmacy or a specialist in anticoagulation care. Plaintiffs respond that their counsel reasonably believed that the requirement that experts be specialists does not apply to pharmacists, and that Mr. Dew thus qualified as an expert.

Michigan courts have refused to apply the requirement for specialists to certain types of health professionals, including physicians assistants and occupational therapists. *See Wolford v. Duncan*, 279 Mich. App. 631, 636, 760 N.W.2d 253, 256 (2008); *Brown v. Hayes*, 270 Mich. App. 491, 499-500, 716 N.W.2d 13, 19 (2006), rev'd in part on other grounds 477 Mich. 966, 724 N.W.2d 470 (2006). The Court of Appeals explained that § 2169's use of the term specialist "only include[s] physicians," and thus the requirement for experts to be specialists "do[es] not apply to nonphysician defendants." *Brown v. Hayes*, 270 Mich. App. at 499-500, 716 N.W.2d at 19. *See also Wolford*, 279 Mich. App. at 636, 760 N.W.2d at 256 (explaining that because a physician's assistant is not a physician, the requirements for specialists do not apply). As the Government points out, however, the Michigan Court of Appeals has also held that the specialist requirement applies to dentists. *See Pena v. Minguske*, No. 265986, 2007 WL 1575270, at *5 (Mich. Ct. App. May 31, 2007) (per curiam).

This Court cannot say with certainty whether Michigan courts would apply the specialist requirement in § 2169 to pharmacists. No Michigan court has ever directly addressed the issue. Moreover, the court of appeals has previously stated that the specialist requirement applies only to

4

physicians, although it has applied the rule more broadly. Finally, although a Michigan Supreme Court order remanding a case could be read to imply that the specialist requirement applies to pharmacists, that conclusion is far from clear. *See Mullaney v. Kistler*, 471 Mich. 932, 689 N.W.2d 233 (2004).

As previously noted, Michigan law requires an affidavit from a health professional that the plaintiff's attorney *reasonably believes* meets the requirements for an expert—the affiant need not actually meet those requirements. M.C.L. § 600.2912d(1). *See also Brown v. Hayes*, 477 Mich. 966, 724 N.W.2d 470 (2006). Moreover, an attorney's belief that a proffered expert meets the statutory requirements may be reasonable, even if it is ultimately deemed incorrect, if the law is not settled at the time the affidavit is filed. *See id.* In light of the lack of clarity on this issue, it was reasonable for Plaintiffs' attorney to conclude that the specialty requirements for an expert under § 2169 did not apply in this case, and that Mr. Dew would qualify as an expert.

    C.    <u>Sufficiency of the Affidavit</u>

The Government argues that, even if Mr. Dew is qualified to submit an affidavit, the affidavit that he submitted was insufficient because it did not meet the statutory requirements. In particular, the Government argues that the affidavit does not explain how each pharmacist's actions breached the standard of care, and does not describe how any such breaches proximately caused Mr. Erickson's injuries. Plaintiffs respond that an affidavit is a pleading that must be read in conjunction with the complaint, and that together the complaint and the affidavit satisfy the statutory requirements.

Section 600.2912d(1) specifically sets forth several requirements for affidavits of merit. M.C.L. §600.2912d(1). Among other things, the affidavit must state the applicable standard of practice or care, and the actions that should have been taken or omitted by the health professional

to comply with that standard. *Id.* The affidavit must also state the manner in which the breach of the standard of practice or care proximately caused the plaintiff's injury. *Id.*

Mr. Dew's affidavit fails to meet those statutory requirements. Although it states the standard of care, it fails to specify how each of the pharmacists breached that standard of care or what actions they should have taken to comply with the standard of care. The affidavit simply lists a number of actions taken by the pharmacists as a group, and concludes that such actions violated the standard of care. It fails, however, to specify which actions were taken by which individual, or what actions each individual should have taken to comply with the standard of care. Finally, the affidavit states Mr. Dew's conclusion that the pharmacists' actions proximately caused Mr. Erickson's injury, but fails to explain how they did so. As the Michigan Supreme Court previously explained, "answering the question 'How was the breach the proximate cause of the injury?' requires more than "The breach caused the injury." *Ligons v. Crittenton Hosp.*, 490 Mich. 61, 77-78, 803 N.W.2d 271, 281-82 (2011). In other words, the statute "requires a statement not just that a breach caused the injury, but the *manner in which* the breach caused the injury." *Id.* at 78, 803 N.W.2d at 282.

Finally, the Michigan Supreme Court has held that an affidavit of merit is not a pleading, and is not "part and parcel of a complaint." *Id.* at 82-85, 803 N.W.2d at 285-86. The cases that Plaintiffs cite do not support the argument that deficiencies in an affidavit of merit may be cured by the contents of a complaint. Accordingly, the Court concludes that Plaintiffs' affidavit of merit fails to satisfy the statutory requirements.

**2.     Ordinary Negligence Claim**

The Government has moved to dismiss Plaintiffs' claim for ordinary negligence, arguing that the allegations in the claim sound in medical malpractice. Plaintiffs respond that the claim is based on a what amounts to a clerical error, and thus does not raise questions of medical judgment.

A plaintiff may not avoid the procedural requirements for medical malpractice claims by labeling the action one for ordinary negligence. *Dorris v. Detroit Osteopathic Hosp. Corp.*, 460 Mich. 26, 43, 594 N.W.2d 455, 464 (1999). Whether a claim sounds in medical malpractice or ordinary negligence depends on whether "the facts allegedly raise issues that are within the common knowledge and experience of the jury or, alternatively, raise questions involving medical judgment." *Id.* at 45-46, 594 N.W.2d at 465.

Plaintiffs assert that the issue in this case amounts whether the pharmacists read Mr. Erickson's chart correctly. That is, however, an overly simplified description of the issue. A jury would be required to come to a conclusion as to whether the pharmacists acted negligently in making a decision, and then providing a recommendation, that Mr. Erickson did not need blood thinner based on the type of valve that he had. Such conclusion would require the jury to determine whether the valve that Mr. Erickson had—named Sorin Carbomedics Carbo-Seal Valsalva Mode CP-029—was a mechanical or biological valve, and whether such valve necessitated the use of blood thinners. Such matters are not within the common knowledge and experience of jurors, and raise questions involving medical judgment. Accordingly, the Court will dismiss Plaintiffs' ordinary negligence claim.

*Conclusion*

Michigan law requires a plaintiff in medical malpractice action to file an affidavit of merit. M.C.L. § 600.2912d. That requirement applies to cases brought under Michigan law in federal court

as well as state court. Plaintiffs' counsel reasonably believed that Dr. Dew met the requirements for an expert under Michigan law, and thus it was not improper to submit an affidavit of merit from Mr. Dew. The affidavit itself, however, did not meet Michigan's statutory requirements. Rather than dismiss the action, however, Plaintiffs will be given an opportunity to submit a new affidavit that complies with the statutory requirements and pursue their medical malpractice claim. The Court will, however, dismiss Plaintiffs' claim for ordinary negligence because that claim sounds in medical malpractice.

An Order consistent with this Opinion shall issue.


Dated: January 27, 2016              /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE